Michael A. Gould (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)
Aarin@wageandhourlaw.com
THE GOULD LAW FIRM
A Professional Corporation
161 Fashion Lane, Suite 207
Tustin, California 92780
Telephone: (714) 669-2850
Facsimile: (714) 544-0800

Attorneys for Plaintiff
Jonathan Trogdon

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN TROGDON, an individual,<br><br>                    Plaintiff,<br><br>vs.<br><br><br>LEGACY HEALING CENTER CALIFORNIA LLC, and DOES 1 through 25,<br><br>                    Defendants. | **CASE NO.:2:24-cv-03001-FMO-AS**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. **HARASSMENT IN VIOLATION OF *GOVERNMENT CODE* § 12940(a), (j)(1);**<br><br>2. **UNLAWFUL RETALIATION IN VIOLATION OF *GOVERNMENT CODE* § 12940(h);**<br><br>3. **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (*California Government Code* § 12940(a) et seq.;**<br><br>4. **FAILURE TO TAKE ALL REASONABLE STEPS NECESSARY TO PREVENT HARASSMENT IN VIOLATION OF** |

1

---

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

)   *GOVERNMENT CODE* §
)       12940(k);
)
)   5.  **FAILURE TO PAY UPON**
)       **TERMINATION OR QUITTING**
)       **EMPLOYEE (*Cal. Labor Code* §§**
)       **201, 202, 203);**
)
)   6.  **FAILURE TO PROVIDE**
)       **CORRECT ITEMIZED**
)       **STATEMENT TO EMPLOYEE**
)       **(*Cal. Labor Code* § 226);**
)
)   7.  **UNFAIR BUSINESS**
)       **PRACTICES**
)       **(*Cal. Business and Professions***
)       ***Code* §§ 17200 et seq.);**
)
)   8.  **FAILURE TO PROVIDE MEAL**
)       **AND  REST PERIODS (*Cal.***
)       ***Labor Code* §§ 226.7 and 512);**
)
)   9.  **FAILURE TO PAY OVERTIME**
)       **(*Cal. Labor Code* §§ 1194 and**
)       **510(a), *Code of*  Regulations §**
)       **11040);**
)
)   10.  **FAILURE TO PAY**
)        **MINIMUM WAGE  (*Labor Code***
)        **§ 1197); and**
)
)   11.  **WRONGFUL TERMINATION**
)        **IN VIOLATION OF PUBLIC**
)        **POLICY.**
)
)   **Demand for Jury Trial**
)

_____

Plaintiff Jonathan Trogdon (hereinafter referred to as "Trogdon") alleges:

## GENERAL ALLEGATIONS

1.      Trogdon is, at all times mentioned, an individual residing in the County of Los Angeles, State of California.

2

_____
**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

2.      At all times mentioned in this Complaint, Plaintiff is informed and believes and thereon alleges that defendant, Legacy Healing Center California LLC (hereinafter referred to as "Defendant") was and is a doing business in the County of Los Angeles, State of California.

3.      Trogdon is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 25, inclusive and therefore sues those Defendants by such fictitious names. Trogdon will amend this complaint to allege their true names and capacities when ascertained.  Trogdon is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and were proximately caused by their conduct.

4.      Trogdon is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5.      At all relevant times mentioned herein, Cody Perez (hereinafter referred to as "Perez") was the agent, servant, manager, assistant manager, supervisor, and/or employee of Defendants, and in doing the acts hereafter described, acted within the course and scope of his employment.

6.      Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

### FIRST CAUSE OF ACTION
#### For Harassment in Violation
#### of *Government Code* §12940(h)(i)

7.      Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6, inclusive, as though set forth fully herein.

8.      Trogdon was employed by Defendant as a Behavioral Health Tech

FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES

("BHT") from September 23, 2023 to December 1, 2023 making $22.00 per hour.

9.      This action is brought pursuant to California Fair Employment and Practices Act, *Government Code* §§12900, *et seq*. and the corresponding regulations of the California Fair Employment and Housing Commission.

10.     That at all times mentioned in this Complaint, Defendant regularly employed five or more persons, bringing Defendant employer within coverage of the provisions of §12900, *et seq*. of the *Government Code*, which prohibit employers and/or employees from discriminating against employees on the basis of race/origin/sex etc.

11.     Plaintiff has filed a claim of discrimination with the California Department of Fair Employment and Housing.  Plaintiff received a Notice of Right to Sue from said agency.  A True and correct of this Notice of Right to Sue and his Complaint are attached collectively as Exhibit No. 1.

12.     Cody Perez, agent of Defendant, who was the Executive Director, Plaintiff's boss, made continuous sexual comments and innuendos to Plaintiff regarding his sexual orientation and sexual preferences.  For example, Perez asked Plaintiff if he sexually prefers younger men and asked him about his favorite sexual position.  Perez also told Plaintiff that a coworker named Pete liked to get pegged in the ass.  Moreover, in late November 2023, Perez made a sexual advance towards Plaintiff on a dating application.   In response, Plaintiff quickly blocked Perez from Plaintiff's profile on the dating application.

13.     Plaintiff further alleges that the acts herein alleged above, by Defendant to Plaintiff constitute unlawful harassment, rendering Plaintiff's employment environment intimidating, offensive, and hostile.

14.     Plaintiff alleges that the conduct of Perez, as described in this complaint, would have been offensive to any reasonable person and were offensive to Plaintiff.  Plaintiff did not consent to such conduct, and found it unwelcome and

FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES

offensive.   Perez' conduct rendered Plaintiff's employment intolerable, and no reasonable person could have tolerated it.

15.   The conduct of Perez, as described in this Complaint, was uninvited and offensive.

16.   As a further, direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, and the amount of damages caused thereby is not yet fully ascertained, the precise amount to be proven at the time of trial.  Plaintiff claims this amount, together with pre-judgment interest pursuant to *California Civil Code* § 3287 or any other provision of law providing for pre-judgment interest.

17.   The conduct of the Defendant as described above was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages in the amount appropriate to punish Defendant.

**SECOND CAUSE OF ACTION**
**Unlawful Retaliation in Violation**
**Of *Government Code* § 12940(h)**

18.   Trogdon re-alleges and incorporates by reference each and every allegation  contained in paragraphs 1 through 17, inclusive, as though set forth fully herein.

19.   Plaintiff objected to the illegal harassment, as alleged above, Defendant retaliated against him by terminating him.  Cody Perez, agent of Defendant, who was the Executive Director, Plaintiff's boss, made continuous sexual comments and innuendos to Plaintiff regarding his sexual orientation and sexual preferences.  For example, Perez asked Plaintiff if he sexually prefers younger men and asked him about his favorite sexual position.  Perez also told Plaintiff that a coworker named Pete liked to get pegged in the ass.  Moreover, in

FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES

late November 2023, Perez made a sexual advance towards Plaintiff on a dating application.   In response, Plaintiff quickly blocked Perez, thereby refuting his sexual advances, from Plaintiff's profile on the dating application.  Plaintiff was terminated shortly thereafter, on or about December 1, 2023, in retaliation for blocking Perez' advance on the dating application.

20.    Defendant's acts constitute a violation of *Government Code* § 12940(h), and that said violation caused additional financial damage and emotional distress, the exact amount of which is unknown at present but which will be proven at trial.

21.    The conduct of the Defendant as described above was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages in the amount appropriate to punish Defendant.

### THIRD CAUSE OF ACTION
### Discrimination in Violation of the FEHA
### (Violation of *California Government Code* § 12940(a) et seq.)

22.    Trogdon hereby re-alleges and incorporates by reference paragraphs 1 through 21, as though fully set forth herein again.

23.    *California Government Code Section* 12940(a) forbids an employer from discriminating against an employee because of sex and/or sexual orientation.

24.    Despite *California Government Code* § 12940(a), Defendant discriminated against Plaintiff Trogdon by terminating him because of his sex/sexual orientation. Cody Perez, agent of Defendant, who was the Executive Director, Plaintiff's boss, made continuous sexual comments and innuendos to Plaintiff regarding his sexual orientation and sexual preferences.  For example, Perez asked Plaintiff if he sexually prefers younger men and asked him about his favorite sexual position.  Perez also told Plaintiff that a coworker named Pete liked to get pegged in the ass.  Moreover, in late November 2023, Perez made a sexual advance towards Plaintiff on a dating application.   In response, Plaintiff quickly

6

blocked Perez from Plaintiff's profile on the dating application. Plaintiff was terminated shortly thereafter, on or about December 1, 2023, because of his sexual orientation and/or sex.

25. Defendant's conduct including, but not limited to, terminating him, was motivated by sex.

26. As a direct, foreseeable, and proximate result of Defendant's acts, Trogdon suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

27. As a result of the unlawful acts of Defendant, Trogdon is entitled to recover attorney's fees and costs pursuant to *California Government Code §* 12965(b).

28. Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Trogdon to recover punitive damages from Defendant in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION
### Failure to Take Reasonable Steps
### To Prevent Harassment in Violation
### Of *Government Code* § 12940(k)

29. Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 28, inclusive, as though set forth fully herein.

30. *Government Code* § 12940(k) was in full force and effect and was binding upon Defendant(s). Said statute, in furtherance of the policies of *Government Code* § 12940 and the *California Constitution* Art. I, § 8, requires an employer to take all reasonable steps to prevent illegal harassment.

31. Cody Perez, agent of Defendant, who was the Executive Director, Plaintiff's boss, made continuous sexual comments and innuendos to Plaintiff

FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES

regarding his sexual orientation and sexual preferences.  For example, Perez asked Plaintiff if he sexually prefers younger men and asked him about his favorite sexual position.  Perez also told Plaintiff that a coworker named Pete liked to get pegged in the ass.  Moreover, in late November 2023, Perez made a sexual advance towards Plaintiff on a dating application.   In response, Plaintiff quickly blocked Perez from Plaintiff's profile on the dating application.  Defendant(s) unlawfully refused to take reasonable steps to prevent the harassment he was otherwise forced to endure.  As an example of Defendant's unlawful conduct in this regard, Defendant failed to prevent the harassment by failing to take the following reasonable steps necessary to prevent and terminate the harassment of Trogdon: (a) of investigating Plaintiff's claim in a timely manner; (b) taking adverse employment action(s) against employees who harassed other employees including Plaintiff; (c) not following a work policy prohibiting harassment; and (d) not following a work policy which deterred harassment.

32.     Defendant's conduct in violating *Government Code* § 12940(k) rendering him helpless in the face of unwanted and unlawful harassment, caused him to sustain each and every element of damage caused by the harassment itself. Defendant failed to meet its statutory duty to Plaintiff and caused Plaintiff to suffer further mental anguish and emotional suffering unnecessarily, all to his detriment in an amount that will be proven at trial.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Terminated or Quitting Employee**
**(Violation of *California Labor Code* §§ 201, 202, and 203)**

33.     Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

8

_____

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

34.     At all times mentioned in this Complaint *California Labor Code* §§ 201, 202, and 203 were in full force and effect and binding on Defendants.  Said sections require an employer to pay all unpaid and earned wages to an employee immediately upon discharge.

35.     Defendants refused and/or willfully failed to pay all wages owed to Plaintiff at the time of discharge which was approximately December 2023. Trogdon was not allowed meal breaks or rest periods in violation of *IWC Wage Orders* and *California Labor Code* §§ 226.7 and 512.  Trogdon worked for Defendants from September 23, 2023 to December 1, 2023 and was often required to work through his meal breaks and rest periods to perform and complete his responsibilities for Defendants.  Trogdon worked long hours and often worked over eight (8) hours per day and/or forty (40) hours per week.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday.  Accordingly, Plaintiff should have received a thirty (30) minute uninterrupted meal period during each workday during this pay period.   Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take a thirty (30) minute uninterrupted meal period.  Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a thirty (30) minute uninterrupted meal period.   Plaintiff notified other co-workers and supervisors about his inability to take his thirty (30) minute meal breaks, but unfortunately, Defendants' illegal practice  of failing to provide meal periods continued.  Moreover, the time keeping system used by Defendants to record Plaintiff's hours of work automatically deducted thirty (30) minutes for meal periods even though Plaintiff was unable to take a thirty (30) minute meal period.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours

9

FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES

per day each workday,  however the system automatically deduced thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal periods.  Therefore, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he is owed approximately (5) hours of overtime pay  in total (since he had already worked more than eight hours in each workday during this time period), due to the half an hour of wages owed for each ten (10) shifts worked during that pay period.  For example, during the pay period of 12/17/23 to 12/4/23 Trogdon believes he worked over six (6) hours per day each workday, but not more than eight (8) hours during each workday,  however the system automatically deduced thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal periods.  Therefore, during the pay period of 12/17/23 to 12/4/23, Trogdon believes he is owed approximately (4) hours of minimum wages in total due to the half an hour of wages owed for each eight (8) shifts worked during that pay period.  Additionally, Defendants failed to pay Plaintiff an hour of pay when it failed to provide Plaintiff with thirty (30) minute interrupted meal periods.   During the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday.  Accordingly, Plaintiff should have received two ten (10) minute rest breaks during each workday during this pay period.   Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take ten (10) minute rest breaks.  Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a ten (10) minute rest break.  Additionally, Defendants failed to pay Plaintiff an hour of pay when it failed to provide Plaintiff with ten (10) minute rest breaks.  To date, these wages owed, including minimum wages, overtime wages, and wages for missed meal periods

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

and rest breaks are still due and owing and were not paid upon termination in December 2023.

36.    As a result of Defendants' violation of *California Labor Code* §§ 201, 202 and 203, Plaintiff is entitled to penalties under *California Labor Code* § 203, which provides that upon violation of *California Labor Code* § 201, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but such wages shall not continue for more than 30 days."

### SIXTH CAUSE OF ACTION
**Failure to Provide Itemized Statement to Employee**
**(Violation of *California Labor Code* § 226)**

37.    Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 36, inclusive, as though fully set forth herein.

38.    Defendants are required by law to provide a proper itemized statement to Plaintiff under *California Labor Code* § 226.  Said section requires employers to give an itemized statement to an employee at every pay period which includes gross wages earned, total hours worked by employee, all deductions, net wages earned, dates for which the period was paid, employee's name and social security number, name and address of employer, and all applicable hourly rates.

39.    At all times mentioned in this Complaint *California Labor Code* § 226 was in full force and effect and binding on Defendants.

40.    Notwithstanding the requirements of *California Labor* Code § 226, Defendant knowingly and intentionally failed to provide Plaintiff with proper and accurate paychecks including proper wages, rates of pay, causing injury in violation of *California Labor Code* § 226. Trogdon was not allowed meal breaks or rest periods in violation of *IWC Wage Orders* and *California Labor Code* §§

11

226.7 and 512.  Trogdon worked for Defendants from September 23, 2023 to December 1, 2023 and was often required to work through his meal breaks and rest periods to perform and complete his responsibilities for Defendants.  Trogdon worked long hours and often worked over eight (8) hours per day and/or forty (40) hours per week.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday.  Accordingly, Plaintiff should have received a thirty (30) minute uninterrupted meal period during each workday during this pay period.   Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take a thirty (30) minute uninterrupted meal period.   Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a thirty (30) minute uninterrupted meal period.   Plaintiff notified other co-workers and supervisors about his inability to take his thirty (30) minute meal breaks, but unfortunately, Defendants' illegal practice  of failing to provide meal periods continued.   Moreover, the time keeping system used by Defendants to record Plaintiff's hours of work automatically deducted thirty (30) minutes for meal periods even though Plaintiff was unable to take a thirty (30) minute meal periods.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday,  however the system automatically deduced thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal periods.  Therefore, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he is owed approximately (5) hours of overtime pay  in total (since he had already worked more than eight hours in each workday during this time period), due to the half an hour of wages owed for each ten (10) shifts worked during that pay period.  For example, during the pay period of 12/17/23 to 12/4/23 Trogdon believes he worked

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

over six (6) hours per day each workday, but not more than eight (8) hours during each workday,  however the system automatically deduced thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal periods.  Therefore, during the pay period of 12/17/23 to 12/4/23, Trogdon believes he is owed approximately (4) hours of minimum wages in total due to the half an hour of wages owed for each eight (8) shifts worked during that pay period. Additionally, Defendants failed to pay Plaintiff an hour of pay when it failed to provide Plaintiff with thirty (30) minute interrupted meal periods.   During the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday.  Accordingly, Plaintiff should have received two ten (10) minute rest breaks during each workday during this pay period.   Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take ten (10) minute rest breaks.  Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a ten (10) minute rest break.  Additionally, Defendants failed to pay Plaintiff an hour of pay when it failed to provide Plaintiff with ten (10) minute rest breaks.   Thus, the paycheck stubs of Plaintiff improperly and illegally fail to include accurate gross wages earned, total hours worked, and net wages earned.  Defendants knew such wages statements were false and yet nevertheless intentionally issued them because of its illegal policy and practice of denying Plaintiff meal periods, rest breaks, and failing to pay overtime pay and minimum wages for all hours worked.

41.     Trogdon is entitled to penalties for failure to maintain proper and correct itemized statements in violation of *California Labor Code* § 226, in an amount according to proof at trial.

13

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

# SEVENTH CAUSE OF ACTION
## Unfair Business Practices
**(Violation of *Cal. Business and Professions Code* § 17200 et. seq.)**

42.    Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 41, inclusive, as though fully set forth herein.

43.    At all times herein mentioned, *California Business and Professions Code* § 17200 *et. seq.* was in full force and effect and binding upon Defendants. Said sections prohibit Defendants from engaging in unfair practices including, but not limited to, failing to pay proper wages, including minimum wages, overtime wages, and wages for missed meal and rest periods as alleged herein. Trogdon was not allowed meal breaks or rest periods in violation of *IWC Wage Orders* and *California Labor Code* §§ 226.7 and 512.  Trogdon worked for Defendants from September 23, 2023 to December 1, 2023 and was often required to work through his meal breaks and rest periods to perform and complete his responsibilities for Defendants.  Trogdon worked long hours and often worked over eight (8) hours per day and/or forty (40) hours per week.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday.  Accordingly, Plaintiff should have received a thirty (30) minute uninterrupted meal period during each workday during this pay period.   Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take a thirty (30) minute uninterrupted meal period.  Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a thirty (30) minute uninterrupted meal period.   Plaintiff notified other co-workers and supervisors about his inability to take his thirty (30) minute meal breaks, but unfortunately, Defendants' illegal practice  of failing to provide meal periods continued.   Moreover, the time keeping system used by Defendants to record Plaintiff's hours of work automatically deducted thirty (30)

14

minutes for meal periods even though Plaintiff was unable to take a thirty (30) minute meal period.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday,  however the system automatically deduced thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal periods.  Therefore, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he is owed approximately (5) hours of overtime pay  in total (since he had already worked more than eight hours in each workday during this time period), due to the half an hour of wages owed for each ten (10) shifts worked during that pay period.  For example, during the pay period of 12/17/23 to 12/4/23 Trogdon believes he worked over six (6) hours per day each workday, but not more than eight (8) hours during each workday,  however the system automatically deduced thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal periodss.  Therefore, during the pay period of 12/17/23 to 12/4/23, Trogdon believes he is owed approximately (4) hours of minimum wages in total due to the half an hour of wages owed for each eight (8) shifts worked during that pay period. Additionally, Defendants failed to pay Plaintiff an hour of pay when it failed to provide Plaintiff with thirty (30) minute interrupted meal periods.   During the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday.  Accordingly, Plaintiff should have received two ten (10) minute rest breaks during each workday during this pay period.   Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take ten (10) minute rest breaks.  Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a ten (10) minute rest break.  Additionally, Defendants failed to pay Plaintiff an hour of pay when it failed to provide Plaintiff with ten (10) minute rest breaks.  Plaintiff seeks

15

restitution for these unpaid wages, including minimum wages, overtime wages, and wages for missed meal and rest periods as alleged herein

44.    Defendants engaged in unlawful business practices in violation of *California Business and Professions Code* § 17200 *et. seq.* by failing to pay proper wages to Plaintiff.

45.    As a direct result of the actions of Defendants as alleged above, Trogdon is entitled to restitution pursuant to *California Business and Professions Code* §§ 17203 and 17208 in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION
### Failure to Provide Meal and Rest Periods
### (Violation of *California Labor Code* § 226.7 and 512)

46.    Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 45, inclusive, as though fully set forth herein.

47.    *California Labor Code* §§ 226.7 and 512 were in full force and effect and binding on Defendants during all times mentioned in this Complaint.  Said section requires employers to comply with all *Industrial Welfare Commission Wage Orders* governing meal and rest periods.

48.    The *IWC Wage Orders* were in full force and effect and govern when employers, including Defendants, must give employee breaks for meal and rest periods.  *The Wage Orders* state in pertinent part that employers must provide at least thirty minutes of meal periods for every five hours of work and another thirty-minute period if the work period is ten hours or more.  Furthermore, *the IWC Wage Orders* state in pertinent part that employees must be given at least a ten-minute rest period for every four (4) hours or major fraction thereof.

49.    Trogdon was not allowed meal breaks or rest periods in violation of *IWC Wage Orders* and *California Labor Code* §§ 226.7 and 512.  Trogdon worked

16

FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES

for Defendants from September 23, 2023 to December 1, 2023 and was often required to work through his meal break and rest periods to perform and complete his responsibilities for Defendants. Trogdon worked long hours and often worked over eight (8) hours per day and/or forty (40) hours per week. For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday. Accordingly, Plaintiff should have received a thirty (30) minute uninterrupted meal period during each workday during this pay period. Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take a thirty (30) minute uninterrupted meal period. Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a thirty (30) minute uninterrupted meal period. Plaintiff notified other co-workers and supervisors about his inability to take his thirty (30) minute meal breaks, but unfortunately, Defendants' illegal practice of failing to provide meal periods continued. Moreover, the time keeping system used by Defendants to record Plaintiff's hours of work automatically deducted thirty (30) minutes for meal periods even though Plaintiff was unable to take a thirty (30) minute meal periods. Additionally, Defendants failed to pay Plaintiff an hour of pay when it failed to provide Plaintiff with thirty (30) minute interrupted meal periods. During the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday. Accordingly, Plaintiff should have received two ten (10) minute rest breaks during each workday during this pay period. Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take ten (10) minute rest breaks. Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a ten (10) minute rest break. Additionally, Defendants failed to

17

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

pay Plaintiff an hour of pay when it failed to provide Plaintiff with ten (10) minute rest breaks.

50.     *The Wage Orders* and the *California Labor Code* mandate that Defendants must pay Trogdon one hour of pay at Trogdon's regular rate of pay for every missed meal and rest period.  Trogdon is thereby entitled to these penalties in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
### Failure To Pay Overtime Wages
**(Violation of *Cal. Labor Code* §§ 1194 and 510(a), *Cal. Code of Regulations* § 11040)**

51.     Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 50, inclusive, as though fully set forth herein.

52.     *California Labor Code* §§ 510(a), 1194, and the *IWC Wage Orders* (*Code of Regulations* § 11040) were in full force and effect and binding upon Defendants.  These statutes and wage orders required Defendants to pay to Trogdon one-and-one-half times his regular rate of pay for each hour of work performed in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek.  Said statutes and wage orders further required Defendants to pay to Trogdon two times his regular rate of pay for each hour of work performed in excess of twelve (12) hours per workday.

53.     Trogdon was employed by Defendant from approximately September 23, 2023 until December 1, 2023 and earned $22.00 per hour.  He often worked in excess of eight (8) hours in one workday and/or forty (40) hours in one workweek, and was not paid at a rate of one and one-half times his regular rate of pay. Trogdon was often required to work through his meal breaks and rest periods to perform and complete his responsibilities for Defendants.  Trogdon worked long hours and often worked over eight (8) hours per day and/or forty (40) hours per

18

week.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday.  Accordingly, Plaintiff should have received a thirty (30) minute uninterrupted meal period during each workday during this pay period.   Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take a thirty (30) minute uninterrupted meal period.   Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order to permit him to take a thirty (30) minute uninterrupted meal period.   Plaintiff notified other co-workers and supervisors about his inability to take his thirty (30) minute meal breaks, but unfortunately, Defendants' illegal practice  of failing to provide meal periods continued.   Moreover, the time keeping system used by Defendants to record Plaintiff's hours of work automatically deducted thirty (30) minutes for meal periods even though Plaintiff was unable to take a thirty (30) minute meal periods.  For example, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he worked over eight (8) hours per day each workday,  however the system automatically deduced thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal periods.  Therefore, during the pay period of 10/20/23 to 11/2/23, Trogdon believes he is owed approximately (5) hours of overtime pay  in total (since he had already worked more than eight hours in each workday during this time period), due to the half an hour of wages owed for each ten (10) shifts worked during that pay period.

54.     Despite the requirements of *California Labor Code* §§ 510(a), 119 and the *IWC Wage Orders*, Defendants failed and refused to pay the required overtime wage premiums for overtime worked.

55.     As a result of the unlawful acts of Defendants, Trogdon is entitled to recover unpaid overtime wages in the amount to be proven at trial, prejudgment

19

interest, attorney's fees and costs pursuant to *California Labor Code* § 1194.

**TENTH CAUSE OF ACTION**
**For Failure to Pay Minimum Wage**
**(Violation of *California Labor Code* § 1197 and *IWC Wage Orders*)**

56.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 55, inclusive, as though fully set forth herein.

57.    *California Labor Code* § 1197 and the *Industrial Welfare Commission Wage Order*s were in full force and effect and binding on Defendant at all times mentioned herein.  Set sections make it unlawful for an employer to pay an employee less than the minimum wage.

58.    Plaintiff failed to receive the minimum wage for all hours worked for Defendants, which is below what is required by the State of California's minimum wage laws. Since Defendants failed to pay Plaintiff minimum wage, Defendants are in violation of *California Labor Code* § 1197 and the *IWC Wage Orders*. Trogdon was often required to work through his meal breaks and rest periods to perform and complete his responsibilities for Defendants.  Trogdon worked over six hours (6) hours per day but did not always work more than eight (8) hours per day.  For example, during the pay period of 12/17/23 to 12/4/23, Trogdon believes he worked over six (6) hours day each workday, but not more than eight (8) hours during these workdays.  Accordingly, Plaintiff should have received a thirty (30) minute uninterrupted meal period during each workday during this pay period. Plaintiff's job duties included, but was not limited to, training certain coworkers, and he therefore was not permitted to stop in the middle of training to take a thirty (30) minute uninterrupted meal period.   Defendant had no policy or procedure to have someone available to cover Plaintiff's job duties and responsibilities in order

20

to permit him to take a thirty (30) minute uninterrupted meal period.   Plaintiff notified other co-workers and supervisors about his inability to take his thirty (30) minute meal breaks, but unfortunately, Defendants' illegal practice  of failing to provide meal periods continued.   Moreover, the time keeping system used by Defendants to record Plaintiff's hours of work automatically deducted thirty (30) minutes for meal periods even though Plaintiff was unable to take a thirty (30) minute meal periods.  For example, during the pay period of 12/17/23 to 12/4/23 Trogdon believes he worked over six (6) hours per day each workday, but not more than eight (8) hours during each workday,  however the system automatically deducted thirty (30) minutes from his pay for meal periods even though Defendants failed to provide such meal period.  Therefore, during the pay period of 12/17/23 to 12/4/23, Trogdon believes he is owed approximately (4) hours of minimum wages in total due to the half an hour of wages owed for each eight (8) shifts worked during that pay period.

59.     Plaintiff is therefore entitled to recover the unpaid amount of the minimum wage, liquidated damages, interest thereon, and reasonable attorneys' fees and costs as provided for by *California Labor Code* §§ 1194 and 1194.2.

## ELEVENTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

60.     Trogdon re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 59, inclusive, as though set forth fully herein.

61.     Defendant employed Trogdon as a BHT. Plaintiff was terminated as a direct result of him suffering and denying Perez's sexual advances and because of his sex, as alleged herein. Cody Perez, agent of Defendant, who was the Executive

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

Director, Plaintiff's boss, made continuous sexual comments and innuendos to Plaintiff regarding his sexual orientation and sexual preferences. For example, Perez asked Plaintiff if he sexually prefers younger men and asked him about his favorite sexual position. Perez also told Plaintiff that a coworker named Pete liked to get pegged in the ass. Moreover, in late November 2023, Perez made a sexual advance towards Plaintiff on a dating application. In response, Plaintiff quickly blocked Perez from Plaintiff's profile on the dating application. Plaintiff was terminated shortly thereafter, on or about December 1, 2023, because of his sexual orientation and/or sex.

62. The public policy of the State of California, as expressed by the Legislature, the California Constitution, the California Supreme Court, and in *California Government Code* §§ 12900 et seq. is to prohibit sexual harassment in the workplace and prohibit employment termination because of rejection of the sexual harassment.

63. Defendants deliberately, intentionally, and wrongfully terminated Trogdon without just cause or reason and on the improper and illegal basis of his objections to the sexual harassment, as alleged herein, in violation of the public policy of the State of California.

64. Defendant intentionally, willfully, maliciously, and oppressively terminated Trogdon.

65. Defendant's conduct, Trogdon has suffered injuries, including, but not limited to, lost wages, humiliation, embarrassment, and anguish, the exact amount of which is unknown at this time, but which will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment herein against Defendants as follows:

22

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

## ON THE FIRST CAUSE OF ACTION

1.   General damages according to proof;

2.   Special damages according to proof;

3.   For attorney's fees and costs;

4.   For pre-judgment interest on all amounts claimed;

5.   For punitive damages;

6.   An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

## ON THE SECOND CAUSE OF ACTION

7.   General damages according to proof;

8.   Special damages according to proof;

9.   Loss of earnings and employment benefits according to proof;

10.   For attorney's fees and costs;

11.   For pre-judgment interest on all amounts claimed;

12.   For punitive damages;

13.   An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging

in each of the practices complained of in this complaint;

## ON THE THIRD CAUSE OF ACTION

14.   General damages according to proof;

15.   Special damages according to proof;

16.   Loss of earnings and employment benefits according to proof;

17.   For attorney's fees and costs;

18.   For pre-judgment interest on all amounts claimed;

23

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

19. For punitive damages;

20. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

## ON THE FOURTH CAUSE OF ACTION

24. General damages according to proof;

25. Special damages according to proof;

26. Loss of earnings and employment benefits according to proof;

27. For attorney's fees and costs;

28. For pre-judgment interest on all amounts claimed;

29. For punitive damages;

30. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in  each of the practices complained of in this complaint;

## ON THE FIFTH CAUSE OF ACTION

31. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

## ON THE SIXTH CAUSE OF ACTION

32. Judgment against Defendants for penalties and/or damages pursuant to *California Labor Code* § 226;

33. Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 226 according to proof;

24

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

### ON THE SEVENTH CAUSE OF ACTION

34. For restitution of all unlawfully withheld wages for a period commencing four years prior to the filing of this action through final judgment;

### ON THE EIGHTH CAUSE OF ACTION

35. Judgment against Defendants for all damages pursuant to *California Labor Code* § 226.7;

36. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

37. For interest on all wages owed;

38. Attorney's fees pursuant to California Labor Code § 218.5;

### ON THE NINTH CAUSE OF ACTION

39. Judgment against Defendants for all unpaid overtime wage damages owed to Plaintiff according to proof;

40. Judgment against Defendants for pre-judgment interest;

41. Judgment against Defendants for reasonable attorney's fees and costs under *California Labor Code* § 1194 according to proof;

42. Judgment against Defendants for all waiting time penalties under *California Labor Code* §§ 201, 202, and 203 owed to Plaintiff according to proof;

### ON THE TENTH CAUSE OF ACTION

43. Judgment against Defendants for all unpaid minimum wages, according to proof;

44. For waiting time penalties under *California Labor Code* §§ 201, 202 and 203;

25

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**

45.    Judgment against Defendants for penalties required under *California Labor Code* § 1194.2 in a sum according to proof;

46.    Judgment against Defendants for reasonable attorney's fees as provided for by law;

## ON THE ELEVENTH CAUSE OF ACTION

47.    General damages according to proof;

48.    Special damages according to proof;

49.    Punitive damages according to proof; and

## ALL CAUSES OF ACTION

50.    For reasonable attorney's fees as provided by law;

51.    For costs of suit herein incurred; and

52.    For such other and further relief as the court deems just and proper.

## REQUEST FOR A JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated:  May 8, 2024

Michael A. Gould
Aarin A. Zeif
 THE GOULD LAW FIRM
A Professional Law Corporation
Attorneys for Plaintiff
Jonathan Trogdon

26

**FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES**